Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 JUL 27 PM 2: 51

CLERK OF COURT

BY_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PACIFIC DATA SYSTEMS, INC., and ) <br> JOHN DAY, ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> GOVERNMENT OF GUAM, and ) <br> CLAUDIA ACFALLE, personally and in ) <br> her capacity as Chief Procurement ) <br> Officer for the Government of Guam, ) <br> ) <br> Defendants. ) <br> ) | CASE NO. CV0647-11 <br><br> **DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on Defendant Claudia Acfalle's Motion to Dismiss. Attorney Fred Nishihira represented Defendant Acfalle. Attorney Bill R. Mann represented Plaintiffs, Pacific Data Systems, Inc. ("PDS") and John Day. Following a hearing on this matter the Court took the motion under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

This Case involves a taxpayer lawsuit for the enforcement of proper government spending by Defendant Acfalle. Defendant Acfalle is the Chief Procurement Officer for the Government of Guam and is charged by law with "procuring or supervising the procurement of all supplies and services needed by the Territory." 5 Guam Code Ann. § 5113(c)(1)(i). Plaintiff PDS is a telecommunications provider licensed to do business on Guam. In 2004, the Guam Legislature passed the Guam Telecommunications Act of 2004, which privatized the

Guam Telephone Authority (GTA) and created a competitive regulatory market for the provision of telecommunication services on Guam. 12 G.C.A. § 12101. In August 2007, the General Services Agency ("GSA") issued a three year competitive procurement request for the provision of various communications services for the line agencies of Guam and GSA announced the contract winner in July October 2007. However, telephone services were not included in this procurement and GTA remained the sole provider of such services to the line agencies of Guam. In July 2008, PDS became eligible to sell telephone services on Guam and to compete with GTA for the provision of these services to the line agencies of the Government of Guam. Despite PDS's desire and ability to compete with GTA, Defendant Acfalle and GSA did not issue a request for procurement of telephone services for the Government's line agencies until October 1, 2009. GSA cancelled that procurement on December 29, 2009, prior to bid submission. GSA issued another request for procurement for telephone services on March 19, 2010, which GSA again cancelled prior to bid submission. On June 22, 2011, GSA issued IFB GSA-064-11, the most recent and final invitation for the procurement of telecommunication services for the line agencies of the Government of Guam.

Plaintiffs PDS and John Day filed this Action on April 8, 2011. Plaintiffs allege that Defendant Acfalle failed to exercise her duties as Chief Procurement Officer in accordance with Guam's procurement laws and seek to hold Defendant Acfalle personally liable for excess funds that Plaintiffs allege were spent by the Government of Guam as a result of GSA's failure to timely engage the competitive procurement process. Defendants answered the complaint on June 7, 2011. On October 28, 2011, Defendant Acfalle filed the present motion to dismiss asserting lack of subject matter jurisdiction under Guam Rule of Civil Procedure 12(b)(1). Defendant Acfalle argues that she acted reasonably in executing her official duties with respect to the provision of telephone services and is entitled to qualified immunity from Plaintiffs' claims seeking to hold her individually liable. This Court finds that, as a matter of law, qualified immunity does not apply in this instance, and therefore Defendant Acfalle's motion must be denied.

## DISCUSSION

Defendant Acfalle moves this court to dismiss the action against her for lack of subject matter jurisdiction under Guam Rule of Civil Procedure 12(b)(1). A motion to dismiss under GRCP 12(b)(1) must "be made before pleading, if a further pleading is permitted." GRCP 12(b). Although a motion to dismiss is not proper once responsive pleadings have been filed, the rules of procedure do allow for the filing of other dispositive motions prior to trial. Rule 12(c) provides:

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

GRCP 12(c). Defendant Acfalle filed the present motion to dismiss well after filing her answer in this case. Furthermore, Defendant Acfalle presented numerous exhibits outside the pleadings. Plaintiffs also presented additional evidence outside the pleadings and urged this Court to treat the motion as one for summary judgment. Defendant Acfalle filed a reply to Plaintiffs' opposition. Given the timing of Defendant Acfalle's motion and the matters presented, this Court will treat the motion as a motion for summary judgment pursuant to Rule 56.

Summary judgment is granted when there is no genuine issue of material fact, making the moving party entitled to judgment as a matter of law. GRCP 56(c). A genuine issue exists when sufficient evidence establishes a factual dispute requiring resolution by a fact-finder. *Iizuka Corp. v. Kawasho Int'l, Inc.*, 1997 Guam 10 ¶ 7; *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). The materiality of a fact is determined by the governing substantive law. If the fact may affect the outcome, it is material. *Edwards Corp. v. Kawasho Int'l, Inc.*, 2000 Guam 27 ¶ 7. On a motion for summary judgment, inferences are drawn and the evidence is viewed in the light most favorable to the non-moving party. *Id.*

Defendant Acfalle bases her argument for dismissal—or, rather, summary judgment—on the affirmative defense of qualified immunity. A party must generally plead any affirmative defense in the party's answer. GRCP 8(c). Here, Defendant Acfalle's Answer did not raise a qualified immunity defense. However, even where a party fails to timely assert their defense, courts have considered an immunity defense where it is raised prior to trial and where there is no showing of prejudice. *See Camarillo v. McCarthy,* 998 F.2d 638, 639 (9th Cir.1993). As Plaintiffs have not alleged any prejudice resulting from the delay and as there appears to be none, this Court addresses the applicability of Defendant Acfalle's qualified immunity defense in this case.

Qualified immunity, which operates as an immunity from suit rather than a mere defense to liability, *Mitchel v. Forsyth,* 472 U.S. 511, 526, is a common law doctrine that shields public officials from civil damages for tortious acts that arise during the performance of discretionary functions. *See* Restatement (Second) of Torts § 895D (1979). "The applicability and scope of official immunity is a question of law . . . ." *Weed v. Bachner Co. Inc.,* 230 P.3d 697, 699 (Alaska 2010). "[P]ersonal common-law immunities—which Congress can lawfully override if it chooses to do so—must bend to the congressional will." *In re Perry,* 882 F.2d 534, 543 (1st Cir. 1989). Thus, like other common law principles, the doctrine of qualified immunity may be abrogated by statute, but only if the statute "speaks directly to the question addressed by the common law." *United States v. Texas,* 507 U.S. 529, 534, 113 S. Ct. 1631, 1634, 123 L. Ed. 2d 245 (1993) (citing *Mobil Oil Corp. v. Higginbotham, supra,* 436 U.S., at 625, 98 S.Ct., at 2015; *Milwaukee v. Illinois,* 451 U.S. 304, 315, 101 S.Ct. 1784, 1791, 68 L.Ed.2d 114 (1981)). "[W]hile Congressional intent need not be unmistakably clear, there must be sufficient evidence in the statute or legislative history to show a specific 'clear legislative intent' to waive immunity." *Chappell v. Robbins,* 73 F.3d 918, 923 (9th Cir. 1996) (citations omitted).

In this case, the Guam Legislature has shown clear intent to waive qualified immunity for government officials with respect to instances of improper government spending. Title 5, section 7103 of the Guam Code provides:

## § 7103. Taxpayer Standing to Sue.

Any taxpayer who is a resident of Guam shall have standing to sue the government of Guam and any officer, agent, contractor, or employee of the Executive Branch of the Government of Guam for the purpose of enjoining any officer, agent, contractor, or employee of the Executive Branch of the government of Guam from expending money without proper appropriation, without proper authority, illegally, or contrary to law, and to obtain a *personal judgment* in the courts of Guam against such officers, agents, contractors, or employees of the Government of Guam and in favor of the Government of Guam for the return to the Government of Guam of any money which has been expended without proper appropriation, without proper authority, illegally, or contrary to law.

5 GCA § 7103 (emphasis added). Moreover, the Legislature also provided for the collection of any personal judgment obtained against an officer or employee of the executive branch under section 7103:

## § 7110. Limits on Garnishment.

One half of any salary or remuneration due to any agent, officer, contractor, or employee of the government of Guam who has a judgment against him pursuant to this statute shall be deducted from any pay or other sums due such individual, until the judgment obtained under this Chapter is fully paid. If any federal law prohibits the deduction as herein mandated, then the deduction shall be such lesser amount as allowed by federal law.

5 GCA § 7110. These statutes, which allow for a taxpayer action to obtain and collect upon a personal judgment against a government official for improper government spending indicate a clear legislative intent to waive any qualified immunity that would otherwise apply to Government of Guam officials. As such, Defendant Acfalle is precluded, as a matter of law, from asserting the affirmative defense of qualified immunity in this case.

Moreover, Plaintiffs have established issues of material fact with regard to Defendant Acfalle's liability. Plaintiffs here have alleged that Defendant Acfalle failed to solicit competitive bids in accordance with Guam's Procurement Law—

Title 5, Chapter 5 of the Guam Code—for the procurement of telephone services to the line agencies of the Government of Guam. Plaintiffs further allege that this failure resulted in improper government spending under section 7103. (Pl.'s Complain, p. 2-4) In support of their claims, Plaintiffs offer a declaration by John Day, President of PDS, showing that PDS was willing and able to provide competition to GTA for telephone services on Guam for more than one year before GSA and Defendant Acfalle solicited competitive bids to procure such services for the government's line agencies. (Decl. of John Day, Pl.'s Opp. Exh. A, p. 2) Plaintiffs also offer testimony that the competitive procurement process would result in substantial government savings. (Depo. Trans. of Norman H. Okamura, Pl.'s Opp., Exh. B, p. 38) Construing Plaintiffs' allegations and evidence liberally, as this Court must on a motion for summary judgment, Plaintiffs have put forth sufficient evidence to show a material issue of fact as to whether Defendant Acfalle violated her duties as Chief Procurement Officer and whether these violations constituted improper government spending under title 5, section 7103. As Defendant Acfalle is not entitled to immunity from this action, and as Plaintiffs offer sufficient evidence showing a dispute regarding the material fact as to whether Defendant Acfalle's procurement delays constituted a violation of Guam's procurement law, Defendant Acfalle is not entitled to summary judgment.

## CONCLUSION

Based on the foregoing, Defendant Acfalle's motion is hereby DENIED. A Scheduling Conference is set for September 10, 2012 at 2:00 p.m.

It is **SO ORDERED** this 27th day of July, 2012.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JUL 27 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

ORIGINAL

-6-